G. E. Crawford & Co., Appellants, vs. E. J. Gamble et al., Appellees.

1. A bill in equity which seeks to subject property of a married woman to the payment of a debt for money loaned and goods sold her during coverture, should disclose whether she held the property by a legal right, as her "separate statutory property," or by deed creating in her an "equitable separate estate."

2. In the former case, the laws regulating the mode in which a married woman can dispose of or charge her separate property would apply to any attempted disposition or effort to charge it by her; in the latter, the deed creating it would furnish the only method by which it could be disposed of or charged, provided such method was not in contravention of law.

3. When a bill filed for the purpose mentioned in first head note does not show by which of the above mentioned tenures she holds the property, a demurrer thereto should be sustained.

4. Merchandise purchased by a married woman who is conducting a mercantile business in her own name is her separate statutory property.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*Liddon & Carter* for Appellants.

The point here raised is: Will a debt contracted by a married woman, under the circumstances alleged in the bill, be declared, in equity, a charge upon her separate estate?

The first case in this court, and a very strong one for ap-

pellants, is Smith vs. Poythress, 2d Fla., 92. There the husband acting as agent for his wife, with her knowledge and consent, contracted debts for lumber, which was used in improving the wife's separate estate, and for merchandise for the support and maintenance of her separate estate, and for these debts the husband gave his individual notes.

These notes were sued to judgment. and, the husband being insolvent, this court held the wife's separate estate liable for the debts, even at the suits of a third person who owned the debts by assignment. This case of Smith vs. Poythress is cited approvingly in Thrasher vs. Doig &Geiger, 18th Fla., 809, and is there cited as settling the law upon the subject. In this last case the court says: "Where improvements, such as houses, &c., have been erected upon her separate estate or property, by her own contracts, or that of her authorized agent, equity will charge the estate with the payment of the debt contracted therefor." See also Dale vs. Robinson, 31 Am. Rep., 669.

In the case at bar, appellants' money and goods were furnished direct to the wife, who was at the time carrying on a mercantile business, and the husband was not looked to for payment, but the wife directly.

A case very similar to this was Blumer vs. Pollak & Co., 18th Fla., 707, where the wife conducted a mercantile business, and bought goods to replenish her stock, and this court then held that her separate property was liable therefor.

Where a married woman engages in business on her own account, and gets credit on account of such business, or on account of her separate property, a court of equity may charge such property with payment of the debt. Staley vs. Hamilton, 19 Fla., 229, and authorities cited.

No counsel appeared for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellants, G. E. Crawford & Co., filed their bill in the Circuit Court of Jackson county against Elise J. Gamble and Latimer C. Vaughn. The bill alleges that Mrs. Gamble was a married woman, the wife of Louis M. Gamble. That said Louis M. Gamble died on or about the month of March, 1885. That Mrs. Gamble, for a year prior to the first of March, 1884, being a married woman, was engaged in a mercantile business at Neal's Landing, in said county, which business was under the care and management of her said husband. That said Elise J. Gamble " was seised and possessed in her own sole right of the aforesaid mercantile business," and conducted the same with the full knowledge and consent of her said husband. That the said Elise J. Gamble, before and on the said first day of March, 1884, owned and still owns in her own right and name " as her sole and separate estate," a large amount of real and personal property, which is described in the bill.

That Mrs. Gamble, at and during the time she was so married to Louis M. Gamble, and while she was conducting the aforesaid mercantile business, became indebted to the complainants in the sum of seven hundred and sixty dollars, partly for money to pay off indebtedness contracted prior to March, 1884, in her said mercantile business and to purchase other goods, wares and merchandise to replenish her stock at Neal's Landing, and partly in goods furnished her for the same purpose. That said advances of cash and merchandise made by complainants to Mrs. Gamble were made with reference to the fact that she owned a large " separate estate" and that the said cash and advances were made for the benefit of said " separate estate."

The bill alleges the execution by Gamble and wife on the 22d of July, 1884, of two mortgages to Latimer C.

Vaughn, which are claimed by complainants to be fraudulent as against them. The prayer of the bill is for an account and that the separate estate of Mrs. Gamble may be charged with the amount found due on said accounting.

The defendant demurred to the bill.

The second ground of demurrer was " that the bill does not allege sufficient facts to constitute a charge on her separate estate for the debt of complainants."

The demurrer was sustained by the court and the appellants allege that its sustentation was erroneous.

The demurrer was properly sustained.

There was no allegation in the bill setting forth how she owned the property, whether it was her separate statutory property by virtue of the act of March 6, 1845, or by virtue of the Constitution of 1868, or whether it was an equitable separate estate.

This court, in Dollner, Potter & Co. vs. Snow et al., held that " there are material differences between the equitable 'separate estate' of the wife and the 'statutory separate property' of the wife. A complaint or bill seeking to charge either should disclose which class of property was sought to be affected." A proper adjudication of the case requires that it should be shown how, in what right, legal or equitable, she owns the property which the bill seeks to subject to the payment of the debt.

If it was a legal separate estate, vested in her by descent or purchase, the law, whatever it may be, would be our guide in determining her power to charge it; if it was an equitable separate estate the deed creating it would fix the manner in which it could be charged, if at all.

The decree of the Chancellor is affirmed, with leave to the complainants to amend their bill in accordance with the rules of practice.